UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>      Plaintiff,<br><br>   v.<br><br>JAMES A WILLIAMS,<br><br>      Defendant. | No. 2:17-cv-1490 JAM GGH<br><br>ORDER |

*Introduction and Summary*

     Plaintiff seeks to recuse (disqualify) the undersigned pursuant to 28 U.S.C. section 144. He has filed a declaration which asserts that because the undersigned served in the Civil Division of the United States Attorney's Office (USAO) in several capacities in the 1980s, and because the United States filing of a Notice of Related Cases, ECF No. 14, and certain pleadings, without specification, "states Court's bias," the undersigned should recuse himself. Plaintiff generally believes that the undersigned has been too solicitous of defendant's requests for extensions of time, although there has been only one in this case necessitated by the counsel appointment process of the Department of Justice/USAO. The Motion to Recuse (disqualify) is denied.

*Discussion*

   In assessing recusal motion sunder section 144, the judge to whom the motion is directed determines whether the declaration (affidavit) is timely and legally sufficient; if both of those

1

aspects are met, the recusal motion must be assigned to another judge for adjudication. Toth v. TWA, 862 F.2d 1381, 1388 (9th Cir. 1988), citing United States v. Azhocar, 581 F.2d 735 (9th Cir. 1978). In order to be "sufficient," the declaration must posit facts, which if believed, would result in the "clear inability to render a fair judgment," Liteky v. United States, 510 U.S. 540, 551 (1994), sometimes defined as whether a reasonable person would conclude that a judge's impartiality might reasonably be questioned, Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984).

The fact that the undersigned was once employed by the USAO, decades ago, is an insufficient reason to disqualify the undersigned as a matter of law. In United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999), the Court held that simply because the assigned judge was employed in the USAO, while a prosecution/investigation case involving defendant was pending in a division of that office, could not give rise to a finding of prejudice unless the Assistant United States attorney (now judge) had been active in the case either by litigating it or supervising it. Here, the employment of the undersigned decades ago in the USAO has no bearing on any case involving plaintiff. Plaintiff's argument without citation that a former employee of the USAO owes a general, fiduciary duty to his past employer, such that he must perform all judicial duties in a manner loyal to the USAO is meritless. Such a finding would essentially preclude any Department of Justice employee from ever being a federal judge—period.

Nor does one extension of time granted by the undersigned or pleadings of the *defendant* go any distance in establishing a specter of prejudice. See Litkey v. United States, at 555 (only in the rarest of circumstances will impartiality be found as a result of in-litigation rulings, statements, etc.).

*Conclusion*

Plaintiff's Motion to Recuse (Disqualify), ECF No. 17, is denied.

Dated: February 26, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

2