UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES A. WILLIAMS,<br><br>        Defendant. | No. 2:17-cv-01490 JAM GGH<br><br>ORDER |

Plaintiff acting in pro se and in forma pauperis sues defendant for alleged civil rights violations. ECF No. 1. Defendant seeks to dismiss the Complaint on several legal grounds. The basic difficulty with this case is, however, the defective nature of the complaint itself which requires dismissal of this matter albeit with an opportunity to amend.

*THE COMPLAINT*[1]

Plaintiff was stopped on November 15, 2014, by a California Highway Patrol officer for reckless driving. ECF 1 at 41(Order entered in 2:15-cr-00016-MCE-1). The vehicle plaintiff was driving at the time of his arrest, at which time the officer who stopped him determined he was a

---

[1] Plaintiff has attached documents to his complaint. Although he has not sought judicial notice for such documents, the court will be citing too many of them which are, in fact, found on this court's ECF system as part of the records involved in petitioner's criminal case. These documents are found in cases United States v. Rogers, 2:15-cr-0016-MCE and 2:15-mj00001-DAD and as such the court may judicially notice them without any request for such notice. See Fed.R.Evid. 201(b)(2) and (c)(2).

1

California Penal Code section 290 registrant sex offender, was searched at the scene. That search turned up optical disks notated in a manner that suggested they contained child pornography. Id. The vehicle was thereafter impounded and searched again after which the suspected child pornography disks were provided to the Child Pornography Task Force to inspect them and determine if they indeed comprised child pornography. On January 8, 2015, Petitioner was arrested for possession of child pornography, id., and a federal criminal complaint was filed in 2:15-MU-1 on the same date. Id. at 17. Ultimately, based on the initial stop, the district judge to whom the case was assigned suppressed all the evidence used to initiate the criminal charge and the prosecution was dismissed. Id. at 40.

Plaintiff alleges that defendant, a Sacramento Sheriff assigned as a Special deputy United States Marshal serving on the Internet Crimes Against Children Task Force since August 2001, violated his federal constitutional rights in the several actions he undertook while performing in that role in relation to plaintiff's arrest insofar as:

(1) after a prolonged period of custody during which plaintiff had asserted his Miranda rights, defendant placed him under duress and "coerced" him into signing away those rights, ECF 1 at 5-6;

(2) On December 12, 2014, defendant provided information regarding his investigation of plaintiff's alleged illegal actions to a reporter which resulted in a television broadcast which acted to deprive plaintiff of a fair grand jury hearing;

(3) On January 9, 2015, defendant submitted an affidavit containing misleading and false information to a United States Magistrate Judge in order to secure a detention order;

(4) On March 17, 2015 defendant, who bore the duty to assure plaintiff's presence at all hearings, prevented him from appearing at a hearing scheduled to review his bail status.

These actions are alleged to have violated several of plaintiff's constitutionally guaranteed protections individually and his right to due process of law collectively.

If the foregoing conclusions were to be proven with a factual basis, a jury could find defendant liable to plaintiff. However, the complaint fails to allege the necessary factual basis.

////

*FEDERAL RULE OF CIVIL PROCEDURE 8*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires, *inter alia*, that a Complaint must contain "a short and plain statement of the claim showing that plaintiff is entitled to relief." The United States Supreme Court edified this rule in its decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-556 (2007), where it addressed reliance on the Rule in determining the sufficiency of a dismissal motion under Federal Rule of Civil Procedure 12(b)(6)

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, <u>ibid</u>.; <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc</u>., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), <u>see</u>, <u>e.g</u>., <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Two years later the Court expanded on the <u>Twombly</u> decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) stating, among other things, the following:

> As the Court held in <u>Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-

3

harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (*citing* Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

556 U.S. at 678.

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-679.

This court's analysis of plaintiff's "factual allegations" herein demonstrates that he has failed to meet the Twombly/Ashcroft test under Rule 8. In essence, plaintiff's allegations must be

4

sufficiently fact specific to give the defendant "fair notice and state the elements of the claim plainly and succinctly. Leonard v. Amaro, 2006 WL 3716628 *1 (E.D.Cal. 2006 *citing* Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.1984); see also Walton v. Hixson, 2011 WL 219530 *1 (E.D.Cal. 2011) *citing* Ericson v. Pardus, 551 U.S. 89, 93 (2007) and Twombly, supra, 550 U.S.at 554. Thus, plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

*PLAINTIFF'S ALLEGATIONS*

   *A. Plaintiff's First Allegation*

Plaintiff's allegation number one states that after a prolonged period of custody during which plaintiff had asserted his Miranda rights, defendant placed him under duress and "coerced" him into signing away those rights, ECF 1 at 5-6. As stated, it does no more than provide a legal conclusion that he was "place under duress" and "coerced." What it does not say is precisely what defendant did, or said, how it affected plaintiff's resolve, and what coercion resulted to lead him to surrender his previously asserted Miranda rights. This he must do in order to state a claim that gives the defendant "fair notice" of that with which he is accused and provides him with the means to admit or deny specific behaviors that are described.

   *B. Plaintiff's Second Allegation*

Plaintiff's allegation number two states that on December 12, 2014, defendant provided information regarding his investigation of plaintiff's alleged illegal actions to a reporter which resulted in a television broadcast which acted to deprive plaintiff of a fair grand jury hearing. What it does not disclose is *what* information defendant provided, *how* he provided it, *and* how this "disclosure" prevented a fair grand jury hearing. As defendant points out in his Motion to Dismiss, the broadcaster of the information may well have derived that information from a publicly available rendition of the search warrants executed in the investigation of plaintiff that can be found on the court's public web site rather than through any disclosure by defendant. See ECF 13-1 at 6:10-13. As currently stated, therefore, this allegation is pure speculation by plaintiff, not based on any admissible facts.

////

5

*C. Plaintiff's Third Allegation*

Plaintiff's allegation number three states that on January 9, 2015, defendant submitted an affidavit containing misleading and false information to a United States Magistrate Judge in order to secure a detention order. Again, plaintiff fails to state with any specificity what misleading and false information is to be found in the affidavit at issue.

*D. Plaintiff's Fourth Allegation*

Plaintiff's allegation number 4 is that on March 17, 2015 defendant, who bore the duty to assure plaintiff's presence at all hearings, prevented him from appearing at a hearing scheduled to review his bail status. Again, there is no factual underpinning to the conclusory statement that defendant bore any duty to assure plaintiff's presence, nor what he said or did that prevented his appearance. (After detention, it is the Marshal's responsibility to produce a prisoner in court). Neither does it state how plaintiff's absence harmed him insofar as the court's docket discloses that no action was taken at this hearing, ECF No. 1 at 15, but that the substance of the hearing was actually dealt with on March 19, 2015, when defendant present, and according to the minutes was permitted to participate directly. Id.

It is clear to this court that plaintiff's Complaint, as presently written, fails to state claims against the defendant.

*PRO SE AMENDMENT RULES*

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, plaintiff has completely failed to state sufficient facts to allow this action to proceed. The court cannot find, however, that plaintiff can under no circumstances cure this deficiency and, as required by Haines and the other cases cited here, will give plaintiff an opportunity to cure the deficiency discussed in this Order.

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss is GRANTED, with leave to amend;
2. Plaintiff shall have thirty (30) days from the of this Order to file an Amended Complaint, captioned as such, that conforms to the pleading directions found in this Order;
3. Failure to amend shall result in a recommendation that this matter be dismissed with prejudice.

Dated: May 9, 2018

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE