1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KIM EDWARD ROGERS,                     No.  2:17-cv-01490-JAM-GGH

12                Plaintiff,

13         v.                               ORDER

14    JAMES A. WILLIAMS,

15                Defendant.

16

17                        *PROCEDURAL HISTORY*

18         Plaintiff filed his complaint pro se under Bivens v, Six Unknown Named Agents of the

19   Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff claimed his civil rights had been

20   violated by defendant Williams, who was serving as a Special Deputy U.S. Marshall when he

21   participated in the arrest and prosecution of plaintiff in 2014 on July 18, 2017.  ECF No. 1.  On

22   July 18, 2017 plaintiff applied for in forma pauperis status, ECF No. 2, which status was granted

23   by an order issued on July 24, 2017.  ECF No. 3.  On January 25, 2018 defendant filed a Motion

24   to Dismiss for failure to state a cognizable claim under Federal Rule of Civil Procedure 12(b)(6).

25   ECF No. 13-1.  On May 9, 2018, after taking the matter under submission, the court issued an

26   Order granting the motion to dismiss with leave to amend and gave plaintiff thirty days to file an

27   amendment that conformed to the requirements of Federal Rule of Civil Procedure 8 and

28   provided plaintiff with guidance on how to satisfy the requirements of the Rule.  ECF No. 20.

                                             1

Plaintiff filed a First Amended Complaint on May 24, 2018, ECF No. 21, and defendant again

moved to dismiss for failure to state a claim and again the court took the matter under submission

without oral argument on July 31, 2018.  ECF No. 28.

*DISCUSSION*

The gravamen of the court's dismissal order, ECF No. 20, was that plaintiff failed to state

sufficient facts to tie the constitutional injuries he asserted in his complaint to the defendant

specifically.[1]  Relying on Bell Atlantic Corp. v. Twombly, 554 U.S. 544 (2007, Ascroft v. Iqbal,

556 U.S. 662 (2009), and Federal Rule of Civil Procedure 8(a)(2) the court determined that

plaintiff's factual allegations failed to meet the standards set out by Twombly and Iqbal in that

they were not "sufficiently fact specific to give the defendant 'fair notice' and state the elements

of the claim plainly and succinctly as directed in Leonard v. Amaro, 2006 WL 3716628 *1

(E.D.Cal. 2006) *citing* Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1884) and

related cases cited in the Order.  ECF No. 20 at 4:26-5:5.  The direction of the Order was that the

"plaintiff must allege with at least some degree of particularity overt acts which defendant

engaged in that support the plaintiff's claim."  Id. at 5:5-6.  The Order went on to specifically

delineate the factual deficiencies, i.e., claims of being "placed under duress" and "coerced" by

defendant causing him to unwillingly sign away Constitutional rights needed to be explained in

terms of what defendant did or said, how it affected plaintiff's resolve, what specific acts of

coercion were practiced upon him to cause him to retract his assertion of his Miranda rights.  Id.

at 5:9-14.  The court went on to give similar instructions and examples of proper pleading as to

plaintiff's other allegations in the remainder of the Order and made clear that the instructions

given had to be followed to survive another motion to dismiss.

*ANALYSIS*

The court has carefully reviewed the Amended Complaint and determined that plaintiff

has again failed to plead sufficiently to move forward with this action.  Although plaintiff

---

[1] This Order will not iterate the explanations and directions given in ECF No. 20, which were
comprehensive and exhaustive, but will direct the parties to refer to that document to review the
factual history and both substantive and procedural analysis necessary to go forward.

1  provides the dates upon which he alleges he was "coerced," he still fails to state any facts with

2  regard to the behavior of defendant that he claims to be coercive. See ECF 21 at 5 D.  He claims

3  defendant had a duty to assure his presence in court for proceedings and intentionally failed to do

4  so but does not state any facts supporting the allegation of duty.  Id. at 6, 7.  He claims he was

5  defamed by information defendant gave to the press but fails to assert what elements of the that

6  information was false.  In order to be actionable, falsity must be pleaded.  See Paul v. Davis, 424

7  U.S. 693, 696 (1976).  Without factual falsity claims plaintiff does not and cannot demonstrate

8  the stigma associated together with the deprivation of liberty or property engendered by the

9  broadcast as the Ninth Circuit has required as a condition to proceeding with such a case.  Miller

10  v. California, 355 F.3d 1172, 1178 (9th Cir. 2004).   Finally, he states that defendant gave false

11  information to the federal magistrate that led to his post arrest detention but he does not state what

12  that false information was or how it resulted in a deprivation of due process.

13          On his claim that plaintiff misrepresented facts to prevent his release pending trial by

14  characterizing him as a flight risk, plaintiff has provided an affidavit filed in his criminal matter,

15  2:15-mj00001-DAD and other documents that, had the facts been included in the complaint may

16  have saved this claim, but for some reason he failed to transcribe those facts into the complaint

17  thereby making clear what he was charging defendant the statements he did make address the

18  deficiency on the coercion and waiver claim.  See ECF 21 at 6 C, and documents referred to

19  there.  This suggests that one additional chance to plead – at least as to this claim – may present

20  the court and the parties with a litigable complaint.  Therefore, following the principles of

21  Twombly and Iqbal, the court will afford that opportunity and the court will not foreclose a last

22  attempt at the other inadequately pleaded claims either at this point.  The plaintiff must, however,

23  recognize that this is his last opportunity to review the court's original Order and this one and to

24  plead clearly within the scope of the instructions found there in order to succeed.

25                                            *CONCLUSION*

26          In light of the foregoing, IT IS HEREBY ORDERED that:

27          1.          Defendant's Motion to Dismiss is GRANTED with leave to amend;

28          2.          Plaintiff may file a Second Amended Complaint that comports with the principles

                                                    3

stated in this order and the earlier Order found at ECF No. 20 within 20 days of the date of this Order.

       3.      Failure to file an amended complaint may result in a recommendation that the action be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 15, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE
