UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES A. WILLIAMS,<br><br>    Defendant. | No. 2:17-cv-1490 JAM DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Kim Rogers, is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are defendant's motion to dismiss, and plaintiff's motions for leave to amend. (ECF Nos. 35, 36, 38, 43.)

For the reasons stated below, defendant's motion to dismiss and plaintiff's most recent motion for leave to amend will be granted. The undersigned will also recommend that plaintiff's sixth amended complaint be dismissed without further leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on July 18, 2017, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The previously assigned magistrate judge granted plaintiff's motion to proceed in forma pauperis and ordered

////

service of the complaint on defendant James A. Williams.[1]  (ECF No. 3.)  On May 9, 2019, plaintiff's original complaint was dismissed and plaintiff was granted leave to file an amended complaint.  (ECF No. 20.)

Plaintiff filed a first amended complaint on May 24, 2018.  (ECF No. 21.)  On October 15, 2018, the first amended complaint was dismissed and plaintiff was granted leave to file a second amended complaint.  (ECF No. 30.)  On October 31, 2018, plaintiff filed a third amended complaint.  (ECF No. 31.)  Therein, plaintiff complains that defendant James Williams, a Special Deputy United States Marshal, "coerced and intimidated [plaintiff] into an involuntary confession[.]"  (Third Am. Compl. (ECF No. 31) at 6.[2])

On November 29, 2018, defendant filed the pending motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 35.)  On January 24, 2019, plaintiff filed a motion for leave to file a fourth amended complaint.  (ECF No. 36.)  Then, on January 28, 2019, plaintiff filed a motion for leave to file a fifth amended complaint.  (ECF Nos. 38.)

On February 22, 2019, plaintiff filed an opposition to defendant's motion to dismiss, a motion for leave to file a sixth amended complaint, and a proposed sixth amended complaint.  (ECF Nos. 42-44.)  On March 1, 2019, defendant filed a reply.  (ECF No. 45.)  On March 4, 2019, the undersigned took the pending motions under submission.  (ECF No. 46.)

**STANDARD**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

---

[1] This matter was reassigned from the previously assigned magistrate judge to the undersigned on November 14, 2018.  (ECF No. 33.)

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

////

////

////

**ANALYSIS**

**I. Defendant's Motion to Dismiss**

Defendant seeks dismissal of the third amended complaint because plaintiff "has once again provided no factual basis for his claim[.]" (Def.'s MTD (ECF No. 35-1) at 2.) Review of the third amended complaint finds that defendant's argument is well taken.

In this regard, the complaint alleges, in a vague and conclusory manner, that on November 15, 2014, "the California Highway Patrol" violated plaintiff's "4th Amendment right[.]" (Third Am. Compl. (ECF No. 31) at 5.) Thereafter, defendant James A. Williams, "coerced and intimidated [plaintiff] into an involuntary confession[.]" (Id. at 5-6.)

"When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2nd Cir. 1997). "In addition, under the Fourteenth Amendment, an interrogation is coercive . . . when, in light of the totality of the circumstances, an officer's tactics are so extreme as to undermine a suspect's ability to exercise free will." Tekoh v. County of Los Angeles, 270 F.Supp.3d 1163, 1176 (C.D. Cal. 2017) (citing Cunningham v. City of Wenatchee, 345 F.3d 802, 810 (9th Cir. 2003))

Here, the third amended complaint fails to allege what false information defendant Williams allegedly created or how defendant Williams' interrogation tactics were extreme. And no further allegations are alleged against defendant Williams. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of

particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, defendant Williams' motion to dismiss must be granted.

**II.     Plaintiff's Motions for Leave to File a Fourth and Fifth Amended Complaint**

On January 24, 2019, plaintiff filed a motion for leave to file a fourth amended complaint. (ECF No. 36.) And on January 28, 2019, plaintiff filed a motion for leave to file a fifth amended complaint. (ECF No. 38.) However, plaintiff has since filed a motion for leave to file a sixth amended complaint. (ECF No. 43.) The filing of an amended complaint supersedes a previously filed complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly, plaintiff's motions for leave to file a fourth amended complaint and for leave to file a fifth amended complaint will be denied as having been rendered moot.

**III.    Plaintiff's Motion for Leave to File a Sixth Amended Complaint**

On February 22, 2019, plaintiff filed a motion for leave to file a sixth amended complaint along with a proposed sixth amended complaint. (ECF Nos. 43 & 44.) Leave to amended pursuant to "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, the undersigned cannot yet find that granting plaintiff further leave to amend would prejudice the opposing party, is sought in bad faith; would produce an undue delay, or would be futile. Therefore, and in light of plaintiff's pro se status, the undersigned will grant plaintiff this final request for further leave to amend.

////

**IV.    Sixth Amended Complaint Screening**

As noted above, plaintiff is proceeding in forma pauperis. The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's sixth amended complaint fails to contain a short and plaint statement of a claim showing that plaintiff is entitled to relief. In this regard, in addition to defendant Williams, the sixth amended complaint names 11 additional individual defendants. (Sixth Am. Compl. (ECF No. 44) at 2.) The sixth amended complaint fails to allege, however, with any specificity how any individual defendant engaged in wrongful conduct, aside from the assertion that defendant Williams "was a later 'significant participant' in the Plaintiffs (sic) constitutional violation during and later related to this incident" and that plaintiff's "second injury arose out of injury caused by Defendants Jason Garcia, Deputy U.S. Marshal and Scott Jones, Sacramento Sheriff." (Id. at 8.)

Instead, the sixth amended complaint simply alleges as follows. "On November 15, 2014, Defendants, acting under color of law . . . violated Plaintiffs' (sic) rights to be free from unreasonable searches and seizures[.]" (Id.) Additionally, "Defendants subjected Plaintiff, to a lengthy detention, interrogation, search and seizure in violation of the Fourth Amendment[.]" (Id.) Also, "Plaintiff claims violation by the Defendants of the 5th Amendment of the United States Constitution[.]" (Id.) And the "Defendants had a responsibility and duty to assure Plaintiff's appearance at the March 17, 2015 Motion for Bail Review hearing."[3] (Id.)

---

[3] The sixth amended complaint asserts that it is brought pursuant to 42 U.S.C. § 1983. (Sixth Am. Compl. (ECF No. 44) at 7.) 42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding

From these vague and conclusory allegations it is entirely unclear what defendant engaged in what alleged wrongful action. See Landers v. Quality Communications, Inc., 771 F.3d 638, 641 (9th Cir. 2014) ("a complaint that offers 'labels and conclusions, . . . a formulaic recitation of the elements of a cause of action[,]' or 'naked assertion[s]' devoid of 'further factual enhancement' will not suffice").

Accordingly, plaintiff's sixth amended complaint should be dismissed for failure to state a claim upon which relief can be granted.

**V.     Further Leave to Amend**

The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, plaintiff is proceeding on a sixth amended complaint. Plaintiff's complaints have repeatedly been dismissed for failure to state a claim and the court has issued orders advising plaintiff of the necessary allegations to state a claim. (ECF Nos. 20 & 30.) Despite guidance from the court and repeated opportunities, plaintiff has been unable to successfully amend the complaint.

Accordingly, the undersigned finds that it would be futile to grant plaintiff further leave to amend. Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.

////

////

---

tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)). Effective January 1, 2003, the limitations period in California became two years. See Cal. Code Civ. P. § 335.1. The dates referenced in the sixth amended complaint occurred more than two years prior to the filing of this action.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's November 29, 2018 motion to dismiss (ECF No. 35) is granted;

2. Plaintiff's January 24, 2019 and January 28, 2019 motions for leave to amend (ECF Nos. 36 & 38) are denied as having been rendered moot; and

3. Plaintiff's February 22, 2019 motion for leave to file a sixth amended complaint (ECF No. 43) is granted.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 22, 2019 sixth amended complaint (ECF No. 43) be dismissed without leave to amend; and

2. This action be closed.

Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/rogers1490.rogers1490.mtd.f&rs